1  BUCHALTER NEMER
   A Professional Corporation
2  MICHAEL L. MEEKS (SBN: 172000)
   AMANDA ALAMEDDINE (SBN: 294981)
3  18400 Von Karman Avenue, Suite 800
   Irvine, CA 92612-0514
4  Telephone: (949) 760-1121
   Fax: (949) 720-0182
5  Email: mmeeks@buchalter.com
          aalameddine@buchalter.com
6
   Attorneys for Plaintiff
7
   EDELBROCK LLC
8

9            **UNITED STATES DISTRICT COURT**

10           **CENTRAL DISTRICT OF CALIFORNIA**

11

12 EDELBROCK LLC, a Delaware Limited          Case No.
   Liability Company,
13                                            **COMPLAINT FOR**
              Plaintiff,                      **DECLARATORY RELIEF**
14                                            **REGARDING U.S. PATENT NO.**
        vs.                                   **7,694,667 FOR (1) NON-**
15                                            **INFRINGEMENT AND (2)**
   GENESIS GROUP INTERNATIONAL               **INVALIDITY**
16 (USA), INC., a Nevada Corporation; and
   DOES 1 through 10, inclusive,              **AND**
17
              Defendant.                      **DEMAND FOR JURY TRIAL**
18

19

20

21

22

23

24

25

26

27

28

1    Edelbrock LLC ("Plaintiff") by and through its attorneys of record, hereby

2    allege as follows:

3                    **JURISDICTION AND VENUE**

4    1.    The claims asserted herein are for Declaratory Relief under the

5    Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the

6    United States, 35 U.S.C. § 1, et seq.  Defendant Genesis International Group

7    (USA), Inc. ("Defendant") specifically threatened to sue Plaintiff for infringement

8    of U.S. Patent No. 7,694,667 (the '667 Patent") including asking whether Plaintiff's

9    counsel would accept service of process.

10    2.    This Court has subject matter jurisdiction based upon 28 U.S.C.

11    §§ 1331, 1338(a), 2201 and 2202 because the claims herein are based upon the

12    alleged non-infringement and invalidity of the '667 Patent.

13    3.    This Court has personal jurisdiction over Defendant Genesis

14    International Group (USA), Inc. ("Defendant") because its Director, President,

15    Secretary and Treasurer are all located at 17368 W. Sunset Blvd., Ph2a, Pacific

16    Palisades, CA 90272 such that it has continuous and systematic contact with

17    California and the Central District of California.  Moreover, Andrew J. Mueller

18    who is the Director, President, Secretary and Treasurer of Defendant has asserted

19    claims for infringement of the '667 Patent in written communications and telephone

20    calls as well as proposed licensing and other contracts to/with Plaintiff in Torrance,

21    California.

22    4.    Venue is proper in the Central District of California pursuant to 28

23    U.S.C. §§ 1391(b) and (c), and 1400(b).  Plaintiff is located in the Central District

24    of California along with a majority of its witnesses and documents.  Moreover,

25    Plaintiff is informed and believes, and based thereon alleges, that the majority of

26    non-party witnesses and documents are located within this judicial district.  In

27    addition, Defendant has identified this judicial district as the location of its

28

2

**COMPLAINT FOR DECLARATORY RELIEF**

1  President, Director, Secretary and Treasurer.

2  **PARTIES**

3       5.    Plaintiff Edelbrock, LLC is a Delaware limited liability company with

4  its principal place of business in Torrance, California.  Plaintiff is a designer,

5  manufacturer and distributor of automotive parts.  Among other things, Plaintiff

6  designs and sells superchargers for automobile engines.

7       6.    Defendant Genesis Group International (USA), Inc. is a Nevada

8  corporation with its principal place of business in Pacific Palisades, California.

9  Defendant is the registered owner of the '667 Patent concerning the design of a

10  supercharger or turbocharger.

11       7.    Defendants Does 1 through 10 are reserved for any person or entity

12  claiming an ownership interest in the '667 Patent.  Plaintiff reserves the right to

13  amend this Complaint to identify any such persons or entities all of which are

14  presently unknown to Plaintiff.

15  **STATEMENT OF THE CASE**

16       8.    Plaintiff seeks a declaration that it is not infringing the '667 Patent

17  and/or that the '667 Patent is invalid.  Defendant asserted that Plaintiff's

18  superchargers infringe the '667 Patent.  The '667 Patent claims as an invention:

19  "An apparatus for a vehicle comprising a compressor and manifold for connection

20  to air inlets of an engine, wherein the manifold has an entry end chamber, the

21  compressor device is located at least partially within the chamber, and wherein the

22  entry end chamber comprises a discharge diffuser."  In addition, the '667 Patent

23  claims as an invention: "A vehicle comprising a compressor apparatus comprising a

24  compressor device and manifold for connection to air inlets of an engine of the

25  vehicle, wherein the manifold has an entry end chamber, and the compressor device

26  is located at least partially within the chamber, and wherein the entry end chamber

27  comprises a discharge diffuser."

28

3<br>**COMPLAINT FOR DECLARATORY RELIEF**

9.   Plaintiff does not infringe the '667 Patent because, among other things, (1) Plaintiff's superchargers do not use a discharge diffuser, and (2) Plaintiff's superchargers do not use a compressor device as described in the '667 Patent. There are other differences between Plaintiff's superchargers and the claims in the '667 Patent establishing non-infringement.

10.   If Defendant's assertion that Plaintiff's supercharger somehow falls within the scope of the '667 Patent, then the '667 Patent is invalid under 35 U.S.C. § 102 and because it is obvious.  Plaintiff's supercharger design is consistent with many prior art designs used by other manufacturers long before the effective date of the '667 Patent.

11.   Moreover, the '667 Patent is invalid under 35 U.S.C. § 112 for indefiniteness because the terms used in the '667 Patent are not sufficiently defined so that one skilled in the art could understand the terms.  If Defendant's assertion that Plaintiff's supercharger somehow falls within the scope of the '667 Patent, among other things, the claims viewed in the light of the specifications and prosecution history, do not inform those skilled in the art about the scope of the invention with reasonable certainty.  The terms compressor and discharge diffuser, as wells as other terms, would not be understood in the manner asserted by Defendants.

## FACTUAL SUMMARY

12.   The '667 Patent is entitled Apparatus for a Vehicle.  It is described in the abstract as "comprising a compressor and manifold for connection to air inlets of an engine, wherein the manifold has an entry end chamber and the compressor device is located at least partially within the chamber."

13.   The '667 Patent was assigned a priority date of March 2005 by the US Patent and Trademark Office ("USPTO") based upon a patent issued in Australia.

14.   The '667 Patent was issued from the application number 11/503,490

4

**COMPLAINT FOR DECLARATORY RELIEF**

(the '490 Application") filed on August 11, 2006.

15.     On December 21, 2007, the USPTO rejected all of the claims in the '490 Application as anticipated under 35 U.S.C. §§ 102(b) and/or 103 based upon U.S. Patent Nos. 6,029,637 and 2,963,006.

16.     In June 2008, in response to the USPTO's rejection, the '490 Application was amended to provide for a limitation that "the entry end chamber comprises a discharge diffuser" which the applicant asserted was not shown in the prior art references.

17.     In September 2008, the USPTO rejected the '490 Application again because the amendment did not overcome the prior art references.

18.     In March 2009, applicant submitted a new claim 34 and stated that a "diffuser" may be defined as "(in various machines or mechanical systems, as centrifugal pumps or compressors) a device for utilizing part of the kinetic energy of a fluid passing through a machine by gradually increasing the cross-sectional area of the channel or chamber through which it flows so as to decrease its speed and increase its pressure." The applicant claimed that neither a diffuser nor the claimed enlarged area diffuser was taught in the prior art.

19.     In March 2009, the USPTO issued a final rejection of the proposed amended '490 Application under 35 U.S.C. § 102 and obvious finding that the claims were anticipated in the prior art or obvious from the prior art. The USPTO found that, in reference to the prior art, that "[w]hen the air flow[s] out of the outer (116) (small cross sectional area) into the chamber (within 177) (a large cross sectional area), the velocity of the air flow will be decreased and the pressure of the flow air will be increased, which performs the same function as the discharge diffuser of the entry [end] chamber."

20.     In October 2009, the applicant submitted a request for continued examination stating that "the gradual (or at least somewhat continuous or

5

**COMPLAINT FOR DECLARATORY RELIEF**

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 17810642v1

1   streamlined) increase of the cross-sectional area is an important feature of a

2   discharge diffuser to allow the kinetic energy to be effectively utilized, in addition

3   to this being a recognized feature of a diffuser."  The applicant distinguished the

4   prior art noting its lack of disclosure of a passage and its associated gradual or

5   smooth increases between the supercharger outlet port and the manifolds.

6          21.   In December 2009, the USPTO issued a notice of allowance stating

7   that the independent claims were allowable because  "the prior art fails to disclose

8   or render[] obvious the claimed combination … including 'the compressor device

9   being located at least partially within the chamber, and the entry end chamber

10  comprising a discharge diffuser.'"

11         22.   The '667 Patent contains two independent claims.  The first

12  independent claim, Claim 1 provides:

> An apparatus for a vehicle comprising a compressor and
> manifold for connection to air inlets of an engine, wherein
> the manifold has an entry end chamber, the compressor
> device is located at least partially within the chamber, and
> wherein the entry end chamber comprises a discharge
> diffuser.

16

17         23.   The second independent claim, Claim 30 provides:

> A vehicle comprising a compressor apparatus comprising
> a compressor device and manifold for connection to air
> inlets of an engine of the vehicle, wherein the manifold
> has an entry end chamber, the compressor device is
> located at least partially within the chamber, and wherein
> the entry end chamber comprises a discharge diffuser.

21         24.   Defendant contacted Plaintiff and demanded that Plaintiff cease and

22  desist the manufacture and sale of its superchargers alleging that Plaintiff's

23  superchargers infringe the '667 Patent.  Defendant eventually asked whether

24  Plaintiff's counsel would accept service of a lawsuit to be filed against Plaintiff.

25         25.   Plaintiff's superchargers do not infringe the '667 Patent.  Among other

26  things, Plaintiff's superchargers do not utilize a compressor device located at least

27  partially within the chamber as described in independent Claims 1 and 30.

28

6

**COMPLAINT FOR DECLARATORY RELIEF**

Moreover, Plaintiff's superchargers do not utilize a discharge diffuser as described in the '667 Patent.  Defendant has not specified precisely how Plaintiff's superchargers are alleged to infringe and there are likely many other areas of dispute between the parties concerning each of the dependent claims.

## CLAIM NO. 1

### Declaration of Non-Infringement against all Defendants

26.    Plaintiff hereby incorporates all of the allegations set for in paragraphs 1 through 25, inclusive, as if set forth in full herein.

27.    There is an actual controversy between Plaintiff and Defendant concerning whether Plaintiff's supercharger infringes the '667 Patent.  Defendant has demanded that Plaintiff cease and desist from making and selling its superchargers alleging that they infringe the '667Patent.  Defendant has threatened to commence litigation to prevent the manufacture and sale of Plaintiff's superchargers.

28.    Plaintiff does not infringe the '667 Patent because it does not utilize either a compressor or diffuser as described in the '667 Patent.  Plaintiff is not aware of any other basis for alleged infringement and, if any other such basis for infringement is asserted by Defendant, Plaintiff reserves the right to contest any such alleged infringement.

29.    Accordingly, the Court should declare that Plaintiff's superchargers do not infringe the '667 Patent.

## CLAIM NO. 2

### Declaration that the '667 Patent is Invalid

30.    Plaintiff hereby incorporates all of the allegations set for in paragraphs 1 through 25, inclusive, as if set forth in full herein.

31.    Defendant assert new and different definition for the discharge diffuser compared to those relied upon in the application and patent prosecution process for

7

**COMPLAINT FOR DECLARATORY RELIEF**

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 17810642v1

the '667 Patent.  If Defendant's new and different definition of diffuser is accepted, then the prior art either anticipates (35 U.S.C. § 102) the purported invention as repeatedly pointed out by the USPTO during the prosecution of the '667 Patent and '490 Application or the invention is obvious in light of the prior art.

32.     The prior art includes but is not limited to US Patent Nos. 1,625,597; 1,967,069; 2,021,204; 2,111,282; 2,164,451; 2,382,244; 2,400,581; 2,963,006; 3,077,189; 3,540,421; 4,480,968; 4,576,126; 5,085,199; 5,101,794; 5,143,028; 5,911,211; 6,029,637; 6,619,275; 6,837,195; 6,918,804; 7,011,079.

33.     In addition, the prior art includes a Saleen Supercharger released on October 28, 2004; a TRD supercharger released on February 1, 2001; and the Mazda Millenia 1995, all of which either anticipate or render obvious the '667 Patent if Defendant's construction of the '667 Patent is accepted by the court.

34.     Moreover, the '667 Patent is invalid because the terms are indefinite. At this time, Plaintiff has identified the terms compressor and discharge diffuser as those terms are currently being interpreted by Defendant as indefinite under 35 U.S.C. § 112 rendering the '667 Patent invalid.  Plaintiff reserves the right to assert that other terms are invalid depending upon the interpretation claimed by Defendant in this litigation.

35.     For all of the foregoing reasons, the Court should declare that the '667 Patent is invalid and unenforceable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests entry of judgment as follows:

1.      A declaration that Plaintiff's superchargers do not infringe the '667 Patent;

2.      A declaration that the '667 Patent is invalid and unenforceable;

3.      An award of costs of suit incurred herein;

4.      An award of attorney's fees as permitted by 35 U.S.C. § 285 or other

8

**COMPLAINT FOR DECLARATORY RELIEF**

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 17810642v1

1  applicable statute, rule or regulation;

2        5.      For such other relief as the Court deems just and proper.

3

4  DATED:  February 11, 2015           BUCHALTER NEMER
                                       A Professional Corporation
5

6

7                                      By:  /s/ Michael L Meeks
                                            MICHAEL L. MEEKS
8                                           Attorneys for Plaintiff
                                            EDELBROCK LLC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                       9
                        **COMPLAINT FOR DECLARATORY RELIEF**

1

## **DEMAND FOR JURY TRIAL**

2         Plaintiff Edelbrock LLC hereby demands a jury trial for all claims for which

3   the right to jury trial exists.

4

5

6   DATED:  February 11, 2015         BUCHALTER NEMER
                        A Professional Corporation

7

8                        By:  /s/ Michael L Meeks

9                             MICHAEL L. MEEKS
                          Attorneys for Plaintiff

10                             EDELBROCK LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28